UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **W.P.V.,** *on his own behalf and on behalf of* | § | |
| *his minor child*, **W.P.O.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-23-CV-00074-DCG** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Defendant.** | § | |

## DEFENDANT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER TO STAY DISCOVERY AND SCHEDULING ORDER RECOMMENDATIONS

Defendant United States of America hereby files this Unopposed Motion for a Protective Order to Stay Discovery and Scheduling Recommendations, pursuant to Federal Rule of Civil Procedure 26(c) and in support thereof, would show the Court the following:

## I.      PROCEDURAL BACKGROUND

1.      On May 18, 2021, Plaintiffs filed their Complaint in the Southern District of New York. ECF No. 4. Plaintiffs assert their claims against Defendant United States of America pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671, *et seq. Id*.

2.      This case was transferred to this district on February 22, 2023. *See* ECF No. 93.

3.      On May 8, 2023, Defendant filed a Motion to Dismiss. ECF No. 107.

4.      Defendant United States respectfully requests the Court stay discovery together with the requirements to submit scheduling recommendations, until the Court has an opportunity to consider and rule on the defenses raised by the United States.

## II.      ARGUMENT AND AUTHORITIES

The control of discovery "is committed to the sound discretion of the trial court" and its discovery rulings will be reversed only where they are arbitrary or clearly unreasonable." *Mayo v.*

*Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986); *see also Angus Chemical Co. v. Glendora Plantation, Inc.*, 14-30416, 2015 WL 1344545, at *3 (5th Cir. Mar. 24, 2015) (discovery rulings reversed only where they are arbitrary or clearly unreasonable).

A ruling on a motion to stay is a matter of judgment which is reviewed under the abuse of discretion standard. *Carder v. Continental Airlines, Inc.*, 595 F. App'x 293, 300 (5th Cir. 2014). It is not an abuse of discretion to grant a motion to stay discovery pending a dispositive motion presenting a question of law, where discovery would not be necessary for the resolution of the pending motion. *Sapp v. Memorial Hermann Healthcare Sys.*, 406 F. App'x 866, 870 (5th Cir. 2010) (citation omitted). "[It is] wasteful to allow discovery on all issues raised in a broad complaint when, for example, the case will not reach a determination on those merits." *Id.* (citing *Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 200 (5th Cir. 1988)).

"A party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity." *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987) (citing *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983)). *See also United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)) ("A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'"), and *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). "It is to be presumed that a cause lies outside [federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted). This burden is a heavy one. *See Petty v. Tennessee-Missouri Bridge Comm'n*, 359 U.S. 275, 276 (1959) ("The conclusion that there has been a waiver of immunity will not be lightly inferred.").

Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. *Danos v. Jones*, 652 F.3d 577, 581 (5th Cir. 2011). Plaintiffs asserts that their cause of action arises under the FTCA. ECF No. 4, p. 3. It is well-settled that the FTCA is a limited waiver of sovereign immunity and permits suit only on terms and conditions strictly prescribed by Congress. *See United States v. Kubrick*, 444 U.S. 111, 117-18 (1979).

One limitation on a court's subject matter jurisdiction under the FTCA is the discretionary function exception, 28 U.S.C. § 2680(a). *McNeily v. United States,* 6 F.3d 343, 347 (5th Cir. 1993). In its Motion to Dismiss, Defendant United States has established that Plaintiffs' claims are barred by the FTCA's discretionary function exception. Further, as demonstrated in the United States' motion, the Court lacks subject matter jurisdiction over Plaintiffs' claims that are barred by the FTCA's exception for actions taken while reasonably executing the law, 28 U.S.C. § 2680(a). Moreover, the Court lacks subject matter jurisdiction because there is no private person analogue to the governmental conduct challenged by Plaintiffs. Finally, as demonstrated in the United States' motion, Plaintiffs failed to state a claim under Texas law for intentional infliction of emotional distress and negligence. ECF No. 107.

"Governmental immunity is a threshold question which acts as a bar to a court's right to adjudicate a claim. It is a defense to the burdens of litigation, not just the burdens of liability." *Sutton v. United States*, 819 F.2d 1289, 1299 (5th Cir. 1987). "Until the threshold immunity question is resolved, discovery should not be allowed." *Id.* (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) ("[B]are allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery.").

Therefore, until this Court has had an opportunity to consider Defendant United States' motion, the United States respectfully requests that no discovery be allowed to proceed, and the requirements of Rule 26 also be stayed.

### III.    CERTIFICATE OF CONFERENCE

Counsel for the United States hereby certifies that movant conferred by email with counsel for Plaintiffs. Counsel for Plaintiffs responded that with respect to this motion, Plaintiffs have indicated to counsel for Defendant that while they oppose Defendant's Motion to Dismiss, Plaintiffs do not oppose Defendant's request for a stay of discovery until the Court addresses Defendant's Motion to Dismiss.  Thus, while this current motion includes various characterizations in the paragraphs above regarding the applicability of sovereign immunity, availability of subject matter jurisdiction, and the sufficiency of Plaintiffs' Complaint, all of which Plaintiffs dispute, Plaintiffs agree that a stay of discovery will be the most efficient use of judicial and private resources.

### IV.    CONCLUSION

Defendant United States prays that its Motion for Protective Order to Stay Discovery and Scheduling Order Recommendations be in all things granted, that discovery in this cause of action be stayed until this Court has had an opportunity to consider and rule on the United States' Motion to Dismiss, and for any further relief to which it may be justly entitled.

Respectfully submitted,

**JAIME ESPARZA**
UNITED STATES ATTORNEY

/s/ Angelica A. Saenz
**ANGELICA A. SAENZ**
Assistant United States Attorney
Texas Bar No. 24046785
Email: Angelica.Saenz@usdoj.gov
**MANUEL ROMERO**
Assistant United States Attorney
Texas Bar No. 24041817
Email: Manuel.Romero@usdoj.gov
700 E. San Antonio, Ste. 200
El Paso, Texas 79901
Office: (915) 534-6555
Facsimile: (915) 534-3490
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of May, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants: Caitlin M. Dean, Benjamin C. Elacqua, Aamir A. Kazi, and Karan Jhurani, Fish & Richardson P.C., *Attorneys for Plaintiffs.*

/s/ Angelica A. Saenz
**ANGELICA A. SAENZ**
Assistant United States Attorney

5

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **W.P.V.,** *on his own behalf and on behalf of his minor child*, **W.P.O.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-23-CV-00074-DCG** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Defendant.** | § | |

## <u>ORDER</u>

CAME ON TO BE CONSIDERED, Defendant United States of America's Unopposed Motion for a Protective Order to Stay Discovery and Scheduling Recommendations in the above-styled and numbered cause, and the Court having considered the Motion, is of the opinion that it should be **GRANTED.**

IT IS, THEREFORE, ORDERED that the Motion for a Protective Order to Stay Discovery and Scheduling Order Recommendations is granted and that this cause be stayed and all further proceedings be abated until further ordered by the Court.

SIGNED on this ____ day of _____, 2023.

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**