UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| W.P.V., *on his own behalf and on behalf of his minor child, W.P.O.*, § § | | |
| Plaintiffs, § § | | |
| v. § | EP-23-CV-00074-DCG | |
| § § | | |
| UNITED STATES OF AMERICA, § | | |
| Defendant. § | | |

### REPLY IN SUPPORT OF UNITED STATES' MOTION TO DISMISS

For the reasons stated in the Government's Motion to Dismiss (Motion), the United States has not waived its sovereign immunity and is not subject to suit for monetary damages for the claims that Plaintiffs bring here, which allege constitutional violations by government officials engaged in discretionary acts. Congress did not contemplate any such action under the Federal Tort Claims Act (FTCA) and this case should therefore be dismissed for lack of subject matter jurisdiction.

Additionally, Plaintiffs have failed to state a claim upon which relief may be granted for intentional infliction of emotional distress or negligence under Texas law. Accordingly, even if the Court exercises jurisdiction over Plaintiffs' claims, their claims of intentional infliction of emotional distress and negligence should still be dismissed.

I.   **Plaintiffs' Claims are Barred by the Discretionary Function Exception.**

The United States' Motion demonstrated that the Court lacks subject matter jurisdiction over this case because Plaintiffs' claims are barred by the discretionary function exception (DFE) to the FTCA, 28 U.S.C. § 2860(a). The Government's decisions to prosecute W.P.V., transfer him to criminal custody, and detain him pending immigration proceedings, which resulted in his

separation from W.P.O., were discretionary acts covered by the DFE. So were the Government's actions relating to the conditions of Plaintiffs' confinement while in federal custody.

Plaintiffs do not dispute that the DFE bars "[a]ny claim … based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Instead, Plaintiffs argue the DFE is inapplicable because the government's actions were unconstitutional. This argument is unavailing.

As explained in the Government's Motion, to overcome application of the DFE, Plaintiffs must establish the violation of a legal directive that is both *mandatory* and *specific*. Plaintiffs must show that "a 'federal statute, regulation or policy *specifically prescribes* a course of action for an employee to follow,'" *United States v. Gaubert*, 499 U.S. 315, 322 (1991) (emphasis added), by providing a "*precise and optionless* directive," *Maas v. United States*, 94 F.3d 291, 297 (7th Cir. 1996) (emphasis added) (citing *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536 (1988)).

Moreover, Congress did not create the FTCA to address constitutional violations, but rather to address violations of state tort law committed by federal employees. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994). The Supreme Court in *Meyer* recognized that "§ 1346(b) does not provide a cause of action for" a "constitutional tort claim." *Id.* at 478. Accordingly, the Supreme Court has recognized that the DFE applies even to conduct that is later held unconstitutional. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982) ("[G]overnment officials performing discretionary functions[] generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights which a reasonable person would have known.").

2

Plaintiffs concede the Fifth Circuit "has not directly addressed" whether the DFE shields the Defendant from claims arising from alleged unconstitutional conduct. ECF No. 118, p. 13. Plaintiffs cite decisions of several district courts that found the DFE may be inapplicable when constitutional violations are alleged. *Id.*, 13-14. But these decisions are not binding on this Court and other courts in this circuit have reached contrary outcomes. In *Pena Arita*, the court held that constitutional tort claims against the United States are not actionable under the FTCA. *Pena Arita v. United States*, 470 F. Supp. 3d 663, 688 (S.D. Tex. 2020). *See also Williams v. United States Dep't of Educ.*, H-19-5053, 2021 WL 1199515, *10 (S.D. Tex. Mar. 30, 2021) (citing *F.D.I.C. v Meyer*, 510 U.S. 471, 477-78 (1994)) ("the FTCA does not provide a cause of action against the United States for constitutional claims"). Additionally, in two unpublished opinions, the Fifth Circuit has held that a constitutional violation only removes discretion if the constitutional provision prescribes a specific course of conduct. *See Garza v. United States*, 161 F. App'x 341, 343–44 (5th Cir. 2005) (rejecting allegation that Eighth Amendment violation precluded application of DFE, and instead deciding to "join [its] sister circuits in recognizing that … the Eighth Amendment's prohibition against cruel and unusual punishment [does not] define a non-discretionary course of action specific enough to render the discretionary function exception inapplicable."); *Campillo v. U.S. Penitentiary Beaumont, Tex.*, 203 F. App'x 555 (5th Cir. 2006) (per curiam) (same).[1]

Plaintiffs fail to show an absence of discretion here. Plaintiffs have identified no authority—constitutional or otherwise—that removed any official's discretion by "specifically

---

[1] In the Fifth Circuit, unpublished decisions are not treated as precedent but they can be relied upon as persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

prescrib[ing] a course of action for an employee to follow." *Gaubert*, 499 U.S. at 322. Accordingly, the United States has not waived sovereign immunity and Plaintiffs' claims are barred.[2]

## II. Plaintiffs' Claims are also Barred by the FTCA's Exception for Actions Taken in Executing a Statute.

Plaintiffs' attempt to avoid application of the FTCA's exception for actions taken "in the execution of a statute" is equally unavailing. *See* 28 U.S.C. § 2680(a). Relying on *C.M. v. United States,* 5:21-CV-0234, 2023 WL 3261612, at *20 (W.D. Tex. May 4, 2023) (citing *Welch v. United States*, 409 F.3d 646, 652 (4th Cir. 2005)), Plaintiffs argue that this exception exempts the United States from tort liability only if a statute or regulation requires (rather than authorizes) the Federal employee to engage in the challenged conduct. ECF No. 118, p. 20. However, the Fifth Circuit has never adopted this standard, which is inconsistent with the statute's plain language. The statute only references "execution" of a statute or regulation—language that is broad and encompasses both situations where a statute "requires" certain actions as well as circumstances where it merely "authorizes" certain actions. *See e.g., Borquez v. United States*, 773 F.2d 1050, 1052 (9th Cir. 1985) (exception barred claim where Secretary of the Interior was "authorized, in his discretion, to transfer … the care, operation, and maintenance of all or any part of the project works, subject to such rules and regulations as he may prescribe."); *Doe v. DiGenova*, 779 F.2d 74, 88 n.26 (D.C. Cir. 1985) (actions authorized by regulations protected by exception); *Dupree v. United States,* 247 F.2d 819, 824 (3d Cir. 1957) (exception applies "[w]here government employees act pursuant to and in furtherance of regulations"); *Powell v. United States,* 233 F.2d 851, 855 (10th Cir. 1956)

---

[2] At a minimum, the DFE bars Plaintiffs' negligence claim because negligence alone cannot implicate constitutional due process rights. *See, e.g.*, *Daniels v. Williams*, 474 U.S. 327, 331-32 (1986) ("the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); *McClendon v. City of Columbia*, 2305 F.3d 314, 325 (5th Cir. 2002) ("in order to state a viable substantive due process claim the plaintiff must demonstrate that the state official acted with culpability beyond mere negligence").

(exception barred claims based on employees' acts "performed under and in furtherance of the regulation … even though the regulation may be irregular or ineffective").

But even if the Court were to apply Plaintiffs' narrow reading of the exception, the exception still would shield the United States from liability in this case because the TVPRA *required* DHS to transfer W.P.O. to ORR custody. As the United States explained in its Motion, when the Government decided to criminally prosecute W.P.V. for unlawfully entering the United States, DHS determined that he had become unavailable to provide care and physical custody for his child. That determination was a discretionary decision covered by the DFE, *see* Motion, pp. 13-14, and rendered W.P.O. "unaccompanied" within the meaning of the TVPRA, 6 U.S.C. § 279(g)(2). Once that determination had been made, the TVPRA provided that DHS "*shall transfer* the custody of such child to [ORR] not later than 72 hours after determining that such child is an unaccompanied alien child," 8 U.S.C. § 1232(b)(3) (emphasis added). Thus, federal law mandated his transfer to ORR's custody at this point. *See also Ms. L. v. U.S. Immigr. & Customs Enf't ("ICE")*, 310 F. Supp. 3d 1133, 1139 (S.D. Cal, 2018) ("When a parent is charged with a criminal offense, the law ordinarily *requires* separation of the family."), *modified,* 330 F.R.D. 284 (S.D. Cal. 2019) (emphasis added); *W.S.R. v. Sessions,* 318 F. Supp. 3d 1116, 1125 (N.D. Ill. 2018) ("The fathers' criminal detentions necessitated the separation of W.S.R. and C.D.A.").

Plaintiffs do not allege that agents deviated from the statutory dictates of the TVPRA in transferring custody of W.P.O. to ORR once they determined that W.P.O. was unaccompanied; on the contrary, once that determination had been made, the transfer was statutorily required. The exception for actions taken in executing a statute therefore applies.

### III. Plaintiffs' Claims are Barred Because There is No Private Person Analogue.

Plaintiffs' claims also fail because the challenged government acts have no private person analogue. As the United States established in its Motion, Plaintiffs' claims arise out of the exercise of federal statutory authority that only the government possesses—namely the enforcement of federal immigration laws, and in particular the determination whether and where to detain noncitizens pending immigration proceedings. *See* ECF No. 107, p. 28; *see also Ryan v. U.S. Immigr. & Customs Enf't*, 974 F.3d 9, 26 (1st Cir. 2020) ("Controlling immigration and the presence of noncitizens within the country are duties and powers vested exclusively in the sovereign.").

Plaintiffs do not dispute that W.P.V. was lawfully prosecuted and held in criminal custody or secure adult immigration detention pending immigration proceedings. Instead, Plaintiffs challenge their separation while W.P.V. was in custody. Thus, Plaintiffs' claims are essentially a challenge to where and with whom noncitizens are detained. Such decisions are made pursuant to federal statutory authority and are in the sole province of the federal government; there is no private counterpart. *But see C.M.*, 2023 WL 3261612 at *19; *D.A. v. United States*, EP-22-CV-00295-FM, 2023 WL 2619167 at *10 (W.D. Tex. Mar. 23, 2023). The fact that Plaintiffs purport to bring "state law causes of action" for torts under the FTCA does not establish a private analogue where the alleged tortious conduct relates to functions that only the government can perform. There is no private person analogue here.

### IV. Plaintiffs Fail to State a Claim Under Texas Law.

#### A. Plaintiffs Fail to State a Claim for Intentional Infliction of Emotional Distress.

As explained in the United States' Motion, the enforcement of criminal or immigration laws cannot constitute intentional infliction of emotional distress (IIED). ECF No. 107, pp. 30-31.

6

To constitute IIED, the conduct must have been extreme and outrageous. *Wornick Co. v. Casas*, 856 S.W.2d 732, 734 (Tex. 1993). Where probable cause exists for an arrest, the decision to initiate criminal proceedings "cannot constitute outrageous behavior" under Texas law. *Dillard Dep't Stores, Inc. v. Silva*, 106 S.W.3d 789, 797 (Tex. App.—Texarkana 2003, pet. granted), *review granted, decision aff'd as modified*, 148 S.W.3d 370 (Tex. 2004). Moreover, "[e]very [detention pending removal] of a parent, like every lawful arrest of a parent, runs the risk of interfering in some way with the parent's ability to care for his or her children." *Aguilar v. U.S. Immigr. & Customs Enf't Div. of Dep't of Homeland Sec.*, 510 F.3d 1, 22 (1st Cir. 2007). Here, it is undisputed that Plaintiff W.P.V. was prosecuted and found guilty of unlawful entry into the United States. Plaintiffs' IIED claim cannot derive from W.P.V.'s lawful criminal prosecution or the application of the immigration laws to him and his child thereafter. *See id.*

Moreover, the Government's actions cannot support a state law claim because they were privileged. In an FTCA action, the United States is entitled to invoke state law privileges. *See Villafranca v. United States*, 587 F.3d 257 (5th Cir. 2009) (Texas's civil privilege defense statute applied in FTCA action alleging assault by federal officer); *McElroy v. United States*, 861 F. Supp. 585 (W.D. Tex. 1994) ("the United States may invoke any defenses available to individual law enforcement officers under Texas law"). Actions that may otherwise subject a defendant to liability are not tortious if the conduct is privileged. *Hinojosa v. City of Terrell, Tex.*, 834 F.2d 1223, 1231 (5th Cir. 1988). Privileges that apply to public officials performing their official functions with legal authority apply equally in FTCA cases. *Tovar v. United States*, No. 3:98-CV-1682, 2000 WL 425170, at *6-7 (N.D. Tex. Apr. 18, 2000) (dismissing false imprisonment claim and finding that, because federal immigration statutes authorized the challenged conduct, the government's conduct was privileged), aff'd, 244 F.3d 135 (5th Cir. 2000); *Davila v. United States*, 713 F.3d 248 (5th

7

Cir. 2013); *Saldana v. United States*, 248 F.3d 1139 (5th Cir. 2001); *Garza v. United States*, 881 F. Supp. 1103 (S.D. Tex. 1995).

Here, federal officers engaged in privileged conduct while enforcing existing federal criminal and immigration statutory authorities. *See* Restatement (Second) of Torts § 46, comment g (conduct is privileged when the actor "insist[s] upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress"). The challenged conduct—the separation of Plaintiffs—was a direct result of the criminal prosecution process for W.P.V. and his subsequent detention for immigration proceedings. This law enforcement conduct was carried out pursuant to federal statutory authority. Accordingly, the conduct was privileged, and the United States cannot be held liable. *See S.E.B.M. v. United States*, No. 1:21-cv-00095, 2023 WL 2383784, at *19 (D.N.M. Mar. 6, 2023) (where government separated minor child from parent, the government's actions "were protected by its privilege to prosecute").

Plaintiffs assert that their Complaint describes multiple other instances of extreme and outrageous conduct. But the examples Plaintiffs provide are either incidental to the law enforcement activities relating to W.P.V.'s criminal prosecution and immigration proceedings or are not independently actionable as IIED. For example, Plaintiffs' allegations related to the manner in which they were separated all arise from the law enforcement conduct relating to W.P.V.'s criminal prosecution and immigration proceedings. In addition, Plaintiffs' allegations of "verbal abuse," ECF No. 118, p. 26, cannot constitute IIED because in Texas such liability "does not extend to mere insults, indignities, [or] threats." *Ugalde v. W.A. McKenzie Asphalt Co.*, 990 F.2d 239, 243 (5th Cir. 1993) (citing *Wilson v. Monarch Paper Co.,* 939 F.2d 1138, 1143 (5th Cir. 1991)).

Where, as here, a parent is separated from his child due to the parent's criminal prosecution or immigration proceedings, the decision to separate is a privileged consequence of those proceedings that cannot amount to IIED under Texas law. This claim should be dismissed.

### B.     Plaintiffs Fail to State a Claim for Negligence.

Plaintiffs' negligence claim alleges that Defendant breached a duty of care owed to Plaintiffs by prolonging their separation and failing to protect W.P.O. from abuse at the facilities where he was housed. ECF No. 118, p. 29. However, Plaintiffs concede they are not asserting that Defendant breached any duty of family unification. *Id*., p. 28. Plaintiffs identify no actionable duty under Texas law to support their claim of negligence.

First, Plaintiffs reference "abuse at the facilities where W.P.O. was housed," but do not assert that any federal employee committed that alleged abuse. *Id.*, p. 29.[3] Any claim of abuse by a non-federal employee working at a government contracted facility, like Cayuga Centers, is barred by the FTCA's independent contractor exception, and the Court lacks subject matter jurisdiction over such claims. *See*, *e.g.*, *Walding v. United States*, 955 F. Supp. 2d 759, 811 (W.D. Tex. 2013) (Rodriguez, J.) (independent contractor exception barred claim that United States negligently failed to ensure the health and safety of the minors detained at a minor detention facility). Any of negligence claim based on W.P.O.'s treatment at non-federal facilities must be dismissed.

Second, Plaintiffs allege the United States breached a "duty of care" under state law not to "prolong[] their separation." ECF No. 118, p. 29. Plaintiffs were separated and housed at different facilities as a result of W.P.V.'s lawful prosecution under federal statute and his detention pending removal. Plaintiffs have not established that federal officers violated a duty by "prolonging their

---

[3] Plaintiffs' Complaint asserts negligence claims against Cayuga Centers and Defendant United States. Defendant Cayuga Centers settled with Plaintiffs and were terminated from this case on January 16, 2023. ECF No. 90.

separation" in the course of enforcing federal criminal and immigration law. *See Aguilar v. U.S. Immigr. & Customs Enf't Div. of Dep't of Homeland Sec.*, 510 F.3d 1, 22 (1st Cir. 2007) ("Every [detention pending removal] of a parent, like every lawful arrest of a parent, runs the risk of interfering in some way with the parent's ability to care for his or her children"). Accordingly, Plaintiffs' negligence claim should be dismissed.

## VI. Conclusion

For the foregoing reasons, Defendant United States requests that this action be dismissed.

Respectfully submitted,

JAIME ESPARZA
UNITED STATES ATTORNEY

/s/ Manuel Romero
**MANUEL ROMERO**
Assistant United States Attorney
Texas Bar No. 24041817
Email: Manuel.Romero@usdoj.gov
**ANGELICA A. SAENZ**
Assistant United States Attorney
Texas Bar No. 24046785
Email: Angelica.Saenz@usdoj.gov
700 E. San Antonio, Ste. 200
El Paso, Texas 79901
Office: (915) 534-6555
Facsimile: (915) 534-3490
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of August, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants: Caitlin M. Dean, Benjamin C. Elacqua, Karan Jhurani, and Aamir A. Kazi, Fish & Richardson P.C., *Attorneys for Plaintiffs*.

/s/ Manuel Romero
**MANUEL ROMERO**
Assistant United States Attorney