UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **W.P.V.**, *on his own behalf and on behalf of his minor child, W.P.O.*, | § § § § | |
| *Plaintiff,* | § | |
| v. | § § | EP-23-CV-00074-DCG |
| **UNITED STATES OF AMERICA,** | § § § | |
| *Defendant.* | § | |

## ORDER TO BRIEF WHETHER TO APPOINT A GUARDIAN *AD LITEM*

Plaintiff W.P.V. is pursuing the above-captioned lawsuit not just on his own behalf, but also on behalf of his minor child, W.P.O.[1] The parties have reportedly reached a settlement, which is conditioned on the Court's ultimate approval of the settlement as it applies to W.P.O.[2] The Court now **ORDERS** the parties to brief whether the Court must appoint a guardian *ad litem* to protect the minor child's interests in connection with the proposed settlement.

---

[1] *See* Compl., ECF No. 4, at 1.

[2] *See* Notice Settlement, ECF No. 124, at 1 ("Notice is hereby given that the parties have reached a conditional settlement in this matter.  The parties will file a stipulated agreement and, upon completion of all necessary prerequisites, a motion to dismiss this case with prejudice.  Because this settlement will require Court approval as to the settlement for the claims of minor W.P.O., the parties will separately move the Court for approval of the settlement." (emphasis omitted)).

## I.  BACKGROUND

"District courts have a special duty . . . to safeguard the interests of litigants who are minors,"[3] like W.P.O. here.  One way to do that is to appoint a "guardian *ad litem*"—an independent third party who represents the minor's interests in the case.[4]

Federal Rule of Civil Procedure 17(c)(2) governs the appointment of a guardian *ad litem* in a federal lawsuit.[5]  The Rule provides that "[t]he court *must* appoint a guardian ad litem—or issue another appropriate order—to protect a minor . . . who is *unrepresented* in an action."[6]

W.P.O. isn't "unrepresented" in this case; his father W.P.V. has been actively litigating this case on W.P.O's behalf (through counsel).[7]  Therefore, this isn't a case where Rule 17(c)(2), *by its plain text*, would *require* the Court to appoint a guardian *ad litem* for W.P.O.[8]

Courts have recognized, though, that there are instances where a court may (and should) appoint a guardian *ad litem* for a minor who *is* represented in a lawsuit (and thus isn't covered by

---

[3] *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see also, e.g.*, *Gaddis v. United States*, 381 F.3d 444, 453 (5th Cir. 2004) (en banc) ("The need to protect [a] minor's . . . rights and interests in federal court proceedings is extremely vital . . . .").

[4] *See, e.g.*, *Gaddis*, 381 F.3d at 453 (explaining that a court's "power to appoint guardians *ad litem*" helps "ensure that the minor's rights and interests are fully protected" in the litigation).

[5] *See* FED. R. CIV. P. 17(c)(2); *see also, e.g.*, *Gaddis*, 381 F.3d at 452 (describing Rule 17(c) as "the source of [a] district court's authority to appoint . . . [a] guardian *ad litem* for [a] minor").

[6] FED. R. CIV. P. 17(c)(2) (emphases added).

[7] *See, e.g.*, Pls.' Resp. Mot. Dismiss, ECF No. 118, at 1, 30.

*See also, e.g.*, FED. R. CIV. P. 17(c)(1) (noting that a minor's "general guardian" "may sue . . . on behalf of [the] minor" in federal court); *Epic Games, Inc. v. C.B.*, No. 5:19-cv-250, 2019 WL 8334611, at *1 (E.D.N.C. Sept. 27, 2019) ("In most cases, a parent qualifies as a 'general guardian' who may act on behalf of a minor without needing a formal court appointment under Federal Rule 17(c).").

[8] *See, e.g.*, *Hernandez v. United States*, No. 5:21-CV-80, 2023 WL 2563236, at *2 (S.D. Tex.) ("Typically, a court cannot appoint a guardian *ad litem* where the minor is already represented by someone . . . ."), *report and recommendation accepted by* 2023 WL 2564343 (S.D. Tex. Mar. 17, 2023).

Rule 17(c)(2)'s explicit terms).⁹  The Fifth Circuit has held, for instance, that district courts should appoint a guardian *ad litem* whenever "the interests of the minor's general representatives"—such as the minor's parents—"conflict with the interests of the . . . minor child."¹⁰  "This power to appoint guardians *ad litem*" for represented minors "is important not only to ensure that the minor's rights and interests are fully protected in cases where . . . there may be conflicts of interest" between the minor and his representative, "but also to ensure that the minor has proper access to the federal judicial system at all."¹¹

While a lawsuit is actively proceeding, a parent's litigation interests usually align with those of his minor child, making it unnecessary to appoint a guardian *ad litem*.¹²  Presumably, the adult plaintiff and the minor plaintiff both want to recover as much money from the defendant as they can, and so there's usually no need to recruit an independent third party to protect the minor's interests in a lawsuit's beginning and middle stages.¹³

---

⁹ *See, e.g.*, *Hoffert v. Gen. Motors Corp.*, 656 F.2d 161, 164 (5th Cir. Unit A Sept. 1981) ("Rule 17(c) is confined to those cases where the minor . . . is 'not otherwise represented' in the action.  But the courts have consistently recognized that they have inherent power to appoint a guardian ad litem when it appears that the minor's general representative has interests which may conflict with those of the person he is supposed to represent." (citations omitted)); *Rivas v. Greyhound Lines, Inc.*, No. 3:14-CV-00166, 2015 WL 13710123, at *1 (W.D. Tex. June 18, 2015) (noting that "even when a minor is represented by [an appropriate representative], a federal court may still appoint a guardian ad litem to substitute for the minor's representative" in specified circumstances).

¹⁰ *See Gaddis*, 381 F.3d at 453.

¹¹ *Id.* at 453–54.

¹² *See, e.g.*, *Neri v. Tennis Villas at Blackhawk Ass'n*, No. 3:13-cv-5180, 2013 WL 6091798, at *1 (N.D. Cal. Nov. 19, 2013) (noting that when a parent "and her minor children complain of the same injury and seek the same relief," their interests will generally be "aligned and not in conflict").

¹³ *See, e.g.*, *Fall v. Curran*, No. 3:19-cv-609, 2020 WL 9597491, at *1 (M.D. Fla. Dec. 23, 2020) (concluding that a guardian *ad litem* was "not necessary to protect [the minor plaintiff]'s interests" because the adult plaintiff "brought the claim on [the minor's] behalf" and "share[d] his interest in maximizing" their monetary recovery), *report and recommendation accepted by* 2021 WL 1969440 (M.D. Fla. Jan. 8, 2021).

A proposed settlement, however, can cause the parent's and child's interests to diverge—even if no such conflict existed at the case's outset.[14]  For instance, a conflict may arise when the defendant proposes to pay the plaintiffs a fixed sum that the parent and the child must divide amongst themselves.[15]  In that circumstance, every dollar in the child's pocket is a dollar out of the parent's pocket (and vice versa),[16] and so the plaintiffs' respective financial interests necessarily conflict as a matter of pure mathematics.[17]

---

[14] *See, e.g.*, *J.T. v. Antioch Unified Sch. Dist.*, No. 18-cv-02992, 2018 WL 4334603, at *2–3 (N.D. Cal. Sept. 11, 2018) ("[T]he Court does not find that there currently is a conflict of interest that casts doubt on [the mother]'s ability to protect [her child]'s interests . . . . *Of course, if a conflict becomes apparent, such as if the parties reach a settlement and the proposed terms of the settlement give rise to concerns about a potential conflict of interest between [the mother] and [her child] . . . the Court reserves the right to appoint an independent guardian* ad litem." (emphasis added)).

[15] *See, e.g.*, *Am. Guarantee & Liab. Ins. Co. v. ACE Am. Ins. Co.*, 990 F.3d 842, 849 (5th Cir. 2021) ("[A] conflict of interest between the minor and next friend often arises in a settlement situation where the parties vie for different portions of a fixed settlement amount." (emphasis omitted) (quoting *Byrd v. Woodruff*, 891 S.W.2d 689, 705 (Tex. App. 1994))).

[16] *See, e.g.*, *S.P. v. Spinks*, No. 2:20cv995, 2022 WL 158660, at *1 (M.D. Ala. Jan. 18, 2022) ("As the settlement is for one sum of money to be divided among the plaintiffs, there is a potential conflict among them.  They have 'zero sum' competing interests—that is, one plaintiff's gain could be another plaintiff's loss." (cleaned up)).

[17] *See, e.g.*, *Am. Fam. Life Ins. Co. v. Estate of Bradley*, No. 2:23-CV-00312, 2024 WL 3636275, at *2 (E.D. Wash. Apr. 16, 2024) ("This case is essentially a dispute over the correct distribution of a limited set of funds . . . . Because the set of funds are [sic] limited, and [the adult plaintiff and her two minor children all] assert a claim to a portion, there is a conflict of interest.").

But not every proposed settlement will create a conflict of interest that necessitates the appointment of a guardian *ad litem*.[18] Whether a conflict exists may depend on the settlement's specific terms.[19]

Ultimately, "the district courts have inherent authority and discretion to determine . . . [w]hether a guardian *ad litem* needs to be appointed" in any given case.[20] At the same time, though, the Fifth Circuit has opined that "the court should *usually* appoint a guardian ad litem" "as a matter of proper procedure."[21]

## II.   DISCUSSION

The Court currently lacks the information it needs to evaluate whether to appoint a guardian *ad litem* for W.P.O. For instance, the Court doesn't know anything about the proposed settlement's terms,[22] so the Court can't assess whether the settlement places W.P.V.'s and W.P.O.'s respective economic interests into conflict.[23] Nor does the Court know whether there are any circumstances extrinsic to the settlement that might warrant appointing a guardian *ad*

---

[18] *See, e.g.*, *Rivas*, 2015 WL 13710123, at *2 ("[A] pending settlement agreement does not necessarily create a conflict meriting the appointment of a guardian ad litem.").

[19] *See, e.g.*, *L.P. ex rel. N.C. v. Sch. Bd. of Brevard Cnty.*, No. 6:19-cv-2308, 2020 WL 7079143, at *2 (M.D. Fla.) ("[T]he entire net settlement amount will be deposited into a trust for [the child]'s benefit. There is no indication that [the mother] will be receiving any money from the settlement. Accordingly, the Court need not appoint a guardian ad litem." (citations omitted)), *report and recommendation accepted by* 2020 WL 7074537 (M.D. Fla. Dec. 3, 2020).

The Court does not intend its citation to *L.P.* to imply that a court must appoint a guardian *ad litem* whenever the parent receives a share of a proposed settlement.

[20] *Gaddis*, 381 F.3d at 455.

[21] *Id.* at 453 (emphasis added).

[22] *See* Notice Settlement at 1 (stating merely that "the parties have reached a conditional settlement," without describing the settlement's specific terms).

[23] *See supra* notes 14–19 and accompanying text.

*litem*.[24]  The Court will therefore solicit W.P.V.'s and the Government's input before deciding whether to appoint a guardian *ad litem* for W.P.O.

### III.  CONCLUSION

The Court therefore **ORDERS** Plaintiff W.P.V. and the United States to **FILE** a brief by **September 10, 2024** analyzing—with **citation to pertinent legal authority**—whether the Court should appoint a guardian *ad litem* to protect W.P.O.'s interests in connection with the parties' conditional settlement.  To the extent the specific terms of the proposed settlement bear on that question, the parties' briefing shall describe those terms in enough detail for the Court to intelligently assess whether the proposed settlement causes W.P.O.'s interests to diverge from W.P.V.'s.

The Court defers to the parties' judgment regarding what form the brief(s) should take.  For instance, if W.P.V. and the United States both agree that the Court need not appoint a guardian *ad litem* for W.P.O., then (if they so choose) they may file a single joint brief supporting that position.  If, by contrast, W.P.V. and United States take opposing positions on that question, they may file two separate briefs.

In light of the parties' conditional settlement, the Court **DENIES** "Defendant's Motion to Dismiss" (ECF No. 107) as **MOOT**.[25]

---

[24] For instance, one Judge in this Division has remarked that "conflicts in the settlement context" may "arise in cases where . . . allegations of child abuse or neglect call into question the parent's ability to represent the child's interests."  *See Rivas*, 2015 WL 13710123, at *3.

The Court does *not* mention that to imply in any way that W.P.V. may have abused or neglected W.P.O.; the Court merely mentions that as a uniquely stark example of a circumstance extrinsic to the proposed settlement's terms that could justify appointing a guardian *ad litem*.

[25] In the (hopefully unlikely) event that the settlement falls through (or if the parties ultimately fail to reach a settlement that the Court is willing to approve), Defendant may renew its Motion to Dismiss.

**So ORDERED and SIGNED this 26th day of August 2024.**

_____
**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**

**So ORDERED and SIGNED this 26th day of August 2024.**

_____
**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**