UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

W.P.V., *on his own behalf and on behalf of his minor child, W.P.O.*,

    Plaintiff,

UNITED STATES OF AMERICA

    Defendant.

Case No. 3:23-CV-00074-DCG

### PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT OF MINOR'S CLAIMS

Plaintiff W.P.V. and his minor child W.P.O. (collectively, "Plaintiffs") respectfully move the Court to approve the proposed settlement of W.P.O.'s claims against Defendant United States of America ("Defendant"). The Court has appointed Mr. Joseph Veith as guardian *ad litem* for W.P.O. Defendant and Mr. Veith have reviewed this Motion and the proposed order, and they do not oppose. In support of this Motion, Plaintiffs state as follows.

**I.     THE SETTLEMENT AGREEMENT**

Plaintiffs brought this action against Defendant pursuant to, *inter alia*, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671, *et. seq.* ("FTCA") on May 17, 2021, alleging that they both suffered harm and injuries as a result of their forced separation, detention, and mistreatment by federal personnel. *See generally* Dkt. 4 (Complaint).

The parties have reached a conditional settlement agreement whereby Defendant will pay Plaintiffs $240,000 in settlement of all claims, subject to this Court's approval of the minor's settlement and approval by the Attorney General's designee ("Settlement Agreement"). *See* Dkt. 124 (Defendant's Notice of Settlement). Attached as Exhibit A is the Settlement Agreement in the above-captioned case that the parties submit for this Court's approval.

Plaintiffs have agreed to the terms, conditions, and requirements of the Settlement Agreement. The Settlement Agreement is now contingent upon: (1) Plaintiffs obtaining this Court's approval for the minor's portion of the Settlement Agreement; (2) approval of the Settlement Agreement by the Attorney General's designee; and (3) Plaintiffs obtaining an order from the United States District Court for the Western District of Texas dismissing this action in its entirety with prejudice. *See id.* at 6-8.

The settlement amount is apportioned evenly, with Plaintiff W.P.V. and Plaintiff W.P.O. each receiving $120,000 in settlement of their claims against Defendant. *See id.* at 2.

On August 6, 2024, the parties filed a Notice of Settlement, explaining that they had reached a conditional settlement in this matter. ECF No. 124. The Court appointed Joseph R. Veith to serve as guardian *ad litem* for minor child W.P.O. on February 24, 2025. ECF No. 128. Mr. Veith filed a Report of Guardian *Ad Litem* on May 12, 2025, in which he opined that "the proposed settlement is fair, reasonable, and in the best interest of W.P.O." ECF No. 133 at 4. On May 15, 2025, the Court held a Settlement Hearing. During and after that hearing, counsel for Plaintiffs, counsel for Defendant, and Mr. Veith discussed placement of W.P.O.'s portion of the settlement into a minor trust. Pursuant to the Proposed Order, Plaintiffs' counsel shall place W.P.O.'s portion of the settlement into a minor trust, and no party opposes this requirement.

W.P.O.'s portion of the Settlement Agreement will be placed in a pooled trust administered by Legacy Enhancement, a non-profit organization that manages pooled trusts for minors with minimal fees. Distribution of funds to W.P.O. from the pooled minor's trust will be overseen by a fiduciary trustee at Legacy Enhancement. Permissible distributions until W.P.O. turns 18 years old include but are not limited to expenses related to education and health care. Any funds remaining in the trust when W.P.O. turns 18 will be released to the minor *in toto*. Information

about the pooled minor's trust, permissible distributions, and the agreement for funding the trust are attached as Exhibit B.

Plaintiffs' attorneys in this matter represent Plaintiffs *pro bono* and will not take any costs or fees from the settlement amount. Mr. Veith's fee for service as guardian *ad litem* is $3,000 and will be deducted evenly from W.P.V. and W.P.O.'s respective shares.

## II.   REASONABLENESS OF THE SETTLEMENT AGREEMENT

When a Court is called on to approve a minor's settlement, "[t]he overarching issue" is "whether the settlement is in the best interests of the minor[ ] in light of the particular facts of the case." *Baladez v. Gen. Motors, LLC*, No. 1:17-cv-0194, 2018 WL 6737978, at *2 (N.D. Tex. Dec. 18, 2018). To that end, the Court determines whether the allocation of the settlement amount to minors is fair and reasonable. *See id.* In doing so, the Court generally accords deference to the parties' agreement "because the parties and counsel are typically in the best position to evaluate the settlement; their judgments are entitled to considerable weight." *Id.* (internal quotations and citation omitted).

In "evaluating whether an agreement is fair and reasonable, courts consider the facts of the case, the relative certainty of the outcome of any litigation, and costs associated with such litigation." *Hickson on behalf of Est. of Hickson v. City of Carrollton*, No. 3:18-CV-2747-B (BH), 2020 WL 5087781, at *2 (N.D. Tex. Aug. 25, 2020) (internal quotations and citations omitted), *report and recommendation adopted*, No. 3:18-CV-2747-B (BH), 2020 WL 5096680 (N.D. Tex. Aug. 27, 2020).

Here, the parties' Settlement Agreement is fair and reasonable, as Plaintiffs have agreed to an equal division of settlement between themselves. In particular, the $120,000 allocated to W.P.O.—the only portion of the settlement which requires judicial approval—is fair and

reasonable. This amount adequately compensates W.P.O. for the trauma he experienced and provides resources to seek counsel as necessary. *See* ECF No. 133 (Guardian *Ad Litem* Report) at 3-4 (finding the Settlement Agreement "appropriate under the circumstances" given that "W.P.V. has demonstrated responsible care for his son" and "also understands his fiduciary duty with regard to the funds and fully intends to use them for the benefit of the child"). This amount is also comparable to, and in many cases exceeds, settlements approved in similar FTCA lawsuits stemming from forced family separations.[1]

---

[1] Federal courts across the country, including in this District, have approved more than a dozen minor settlement agreements in FTCA family separation actions; these settlement agreements are essentially identical to the Settlement Agreement at issue in this case. *Compare, e.g.*, Stipulation for Compromise Settlement, *D.A. v. United States*, 3:22-cv-00295-LS, ECF No. 169-1 (W.D. Tex. July 29, 2024) *with* Exhibit A (containing identical terms other than identification of the parties, counsel, and the settlement amount). *See* Order Approving Settlement of Minor's Claims, *D.A. v. United States*, 3:22-CV-00295-LS, ECF No. 171 (W.D. Tex. Aug. 17, 2024) (approving settlement of $91,246 for minor plaintiff, *see* ECF No. 170 at 3); Order Approving Settlement of Minor's Claims, *C.M. v. United States*, Case No. 5:21-CV-00234-JKP (W.D. Tex. Mar. 18, 2024), ECF No. 53 (approving settlement of $45,000 for the minor plaintiff); *see also, e.g.*, Order Granting Plaintiffs' Unopposed Motion for Approval of Settlement of Minor's Claims, *A.E.S.E. v. United States*, 2:21-cv-00569-RB-GBW, ECF No. 191 (D.N.M. May 2, 2024); Order Approving of Settlement of Minor's Claims, *F.C.C. v. United States*, 1:23-cv-03146-APM (D.D.C. Apr. 12, 2024), ECF No. 47 (approving settlement of $112,000 for the minor plaintiff); Order Granting Petition for Approval of Minor's Compromise, *M.A.N.H. v. United States*, 5:23-cv-00372-JGB (C.D. Cal. Apr. 1, 2024), ECF No. 65 (approving settlement of $170,000 for the minor plaintiff); Order Approving Settlement of Minor's Claims, *E.S.M. v. United States*, 4:21-CV-00029-JAS (D. Ariz. Mar. 28, 2024), ECF No. 100 (approving settlement of $157,500 for the minor plaintiff); Order Approving Settlement of Minor's Claims, *E.C.B. v. United States*, Case No. 2:22-CV-00915-CDB (D. Ariz. Mar. 26, 2024), ECF No. 50 (approving settlement of $140,000 for the minor plaintiff); Order Approving Settlement of Minors' Claims, *A.I.I.L. v. United States*, Case No. CV-19-0481-TUCJCH (D. Ariz. Mar. 12, 2024), ECF No. 134 (approving settlements of $97,500, $137,500, and $131,666 for the minor plaintiffs); Order Approving Settlement of Minors' Claims, *N.R. v. United States*, Case No. 4:23-CV-00201-JR (D. Ariz. Feb. 26, 2024), ECF No. 36 (approving settlements of $80,000, $140,000, and $90,000 for the minor plaintiffs); Order Granting Unopposed Motion for Court Approval of Settlement of Minor's Claim, *J.J.P.B. v. United States*, Case No. 7:23-cv-00133 (S.D. Tex. Feb. 23, 2024), ECF No. 164 (approving settlement of $140,000 for minor plaintiff); Order Granting Plaintiffs' Unopposed Motion to Approve Settlement Involving Claims of a Minor, *S.M.F. v. United States*, Case No. 2:22-cv-01193-RAJ (W.D. Wash. Feb. 9, 2024), ECF No. 38 (approving settlement of $135,000 for the

Mr. Veith, W.P.O.'s court-appointed guardian *ad litem*, concluded after reviewing the pertinent facts and issues that "it is my opinion that the proposed settlement is fair, reasonable, and in the best interest of W.P.O." *Id.* at 4. Mr. Veith's independent review also found no conflict between W.P.O. and his father W.P.V. *See id.* He therefore recommends that this Court approve the Settlement Agreement. *See id.*

The Settlement Agreement further ensures support for W.P.O.'s education and long-term needs. *See id.* at 4 (finding that "[t]he father has demonstrated good judgment, and the funds will be used to support W.P.O.'s needs, including potential long-term counseling and educational expenses.").

Placement of W.P.O.'s share of the settlement proceeds in a minor trust, as required by the Proposed Order, further ensures that W.P.O.'s interests are protected.

The proposed Settlement Agreement is also fair and reasonable as to the remaining *Hickson* factor. *See Hickson*, 2020 WL 5087781, at *2. For relative certainty of litigation outcomes and costs, this settlement resolves uncertainty and avoids prolonged litigation. A final resolution pursuant to the Settlement Agreement will provide Plaintiffs closure to seek counseling without further delay and move forward with their lives.

## III.   REQUESTED ACTION BY THE COURT

Plaintiffs respectfully request that this Court approve the Settlement Agreement reached between the parties and enter the proposed order submitted with this Motion, which would: (1)

---

minor plaintiff); Order Approving Settlement of Minor's Claims, *Fuentes-Ortega v. United States*, Case No. CV-22-00449-PHXDGC (D. Ariz. Feb. 2, 2024), ECF No. 84 (approving settlement of $50,000 for the minor plaintiff); Order Approving Settlement of Minor's Claims, *F.R. v. United States*, Case No. CV-21-00339-PHX-DLR (D. Ariz. Nov. 2, 2023), ECF No. 94 (approving settlement of $65,000 for the minor plaintiff); Order, *R.Y.M.R. v. United States*, Case No. 1:20-cv-23598-KMW (S.D. Fla. Sept. 5, 2023), ECF No. 135 (approving settlement of $94,500 for minor plaintiff).

approve the settlement of this lawsuit; (2) approve allocation of the settlement amount, such that Plaintiff W.P.V. and minor Plaintiff W.P.O. would each receive half of the settlement amount; (3) approve the payment of Mr. Veith's attorney's fees in the amount of $3,000 to be paid out of the settlement; and (4) approve the placement of the minor Plaintiff W.P.O.'s settlement amount into the Legacy Enhancement pooled trust account.

Should the Court approve the Settlement Agreement, Plaintiffs' counsel will coordinate with Plaintiffs and Legacy Enhancement to execute all necessary paperwork and transfer W.P.O.'s settlement amount into the Legacy Enhancement pooled trust account, and Plaintiff's counsel will report back to the Court once funding is complete.

### IV.   CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant this Unopposed Motion for Approval of Settlement.

Respectfully submitted,

Dated: June 20, 2025

*/s/ Charles N. Reese, Jr.*
Charles N. Reese, Jr.

Aamir A. Kazi
GA Bar No. 104235
Email: kazi@fr.com
Karan Jhurani (Admitted *pro hac vice*)
GA Bar No. 290326
Email: jhurani@fr.com
Charles N. Reese, Jr. (Admitted *pro hac vice*)
GA Bar No. 455637

Email: creese@fr.com
Fish & Richardson P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Benjamin C. Elacqua
TX Bar No. 24055443
Fish & Richardson P.C.
909 Fannin St., Ste. 2100
Houston, TX 77010
Telephone: (713) 654-5300
Facsimile: (713) 652-0109
Email: elacqua@fr.com

***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 20, 2025, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Charles N. Reese, Jr.*